34

## CLEVELAND v. DELANO, Comptroller of the Currency.

### No. 7614.

United States Court of Appeals for the District of Columbia.

Decided June 9, 1941.

Albert W. Fox, of Washington, D. C., and William Alfred Lucking, of Detroit, Mich., for appellant.

George P. Barse, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

MILLER, Associate Justice.

Appellant sued in the District Court of the United States for the District of Columbia as the sole heir at law of Merrill B. Mills, whose estate is in process of administration in Michigan. In her complaint she alleged that the Receiver is seeking to recover from the estate the sum of $65,000, by suit in the United States District Court for Michigan. The District Court of the United States for the District of Columbia sustained appellee's motion to dismiss the complaint. The record on this appeal includes numerous exhibits which were made part of appellant's complaint, as well as supplementary material which, without objection, has been permitted to be filed.

A number of questions presented in the case of Lucking v. Delano, recently decided by this court, [1] were urged again in the briefs filed on this appeal; but the record reveals no sufficient reason for reopening them. Moreover, the parties have, by stipulation, limited the points urged on appeal to the single question: "Whether the collection of the assessment against appellant in the instant case is barred under the provisions of numbered paragraph 2 of Section 13,976 of the C.L. of Michigan of 1929." [2]

The question must be answered in the negative. The Michigan statute is concerned with actions to recover damages for injuries to person or property. The Receiver's effort to collect from the Trustee was by a suit in equity to recover an assessment liability previously ordered by the Comptroller against the stockholders of the First National Bank-Detroit; on the theory that the Mills Estate Trust was the holder of shares of the First National Bank-Detroit stock and was liable therefor. [3]

Appellant's theory of action is that the Receiver's suit was one to collect damages for the detention of the First National

---

[1] Decided May 19, 1941, —— App.D.C. ——, 122 F.2d 21.

[2] "Actions to recover damages for injuries to person or property shall be brought within three [3] years from the time said actions accrue, and not afterwards; . . ."

[3] Cf. Barbour v. Thomas, 6 Cir., 86 F.2d 510, certiorari denied, 300 U.S. 670, 57 S.Ct. 513, 81 L.Ed. 877.

Bank-Detroit's deposits after the closing of the bank in February, 1933. The bill of complaint in that suit [4] is set out in full in the record and reveals upon its face that it was not filed for the purpose of collecting damages and that no such relief was prayed for. To the contrary, the complaint alleged that the Comptroller found and declared that it was necessary to enforce the individual liability of the stockholders "in order to pay the contracts, debts and engagements of First National Bank-Detroit, * * *" and prayed for a determination of the proportional amount of the assessment chargeable to the shares held by the Trustee.

In the Trustee's answer to the bill of complaint it was alleged that, as shown by the statement issued by the Receiver as of September 30, 1938, all liabilities of the receivership of First National Bank-Detroit have been paid and discharged except less than $70,000,000 still owing to the depositors, they having already received eighty cents on the dollar; that the book value of the remaining assets is over $150,000,000; that the "estimated (receiver's) value" thereof is over $90,000,000; hence, that any assessment liability to be enforced against the Trustee "must be for the payment of interest on the deposits of said First National Bank-Detroit, for the period after the closing of said Bank * * *"; that as a matter of law such interest "is essentially damages for the unlawful detention of property * * *"; that "any suit for recovery thereof * * * is an action for 'injuries' to property and must be brought within three (3) years * * *." It is upon this tenuous basis, already rejected in the suit in which it was urged as a defense, [5] that appellant's contention rests in the present case.

 There are several answers to the contention. In the first place, the record shows, also, that the receivership has outstanding a loan from the Reconstruction Finance Corporation of $31,600,000 to secure which collections from all sources on the assets of the bank are pledged. Consequently, before the twenty per cent still owing to depositors can be paid, the remaining assets must be exhausted, if necessary, to repay the loan from the Reconstruction Finance Corporation. In the second place, the Receiver's statement, upon which appellent relies, shows upon its face that the value of the remaining assets shown thereon, was the Receiver's *present* estimate of the ultimate liquidation value of those assets. This estimate, as well as the Comptroller's determination of the need for an assessment, are matters which come within the discretionary powers of the Comptroller. [6] If his decision with respect to them is erroneous as a matter of law "the stockholders may or may not have a remedy. But their remedy is not to attack, or seek to evade payment of, the assessment. The collection of the assessment cannot be made to await the outcome of litigation of that question. Moreover, if, as they assert, the Comptroller's judgment is wrong and the assets * * * are sufficient to pay their creditors, the amounts paid pursuant to the assessments will be returned to stockholders in final liquidation. Meantime, however, the creditors, the protection of whose interests is the primary object of the statute, will have been paid and, as is right, reimbursement of the stockholders will await possible realization upon assets which the Comptroller believes insufficient to satisfy the creditors." [7] It is apparent, therefore, that the Receiver's suit, which has been subjected to attack in the present case, is not an action to recover damages for injuries to person or property; hence, that the Michigan statute is inapplicable.

Affirmed.

---

[4] Schram v. Union Guardian Trust Co., D.C., E.D.Mich., decided January 14, 1941. No opinion for publication.

[5] Ibid.

[6] Cf. Lucking v. Delano, decided May 19, 1941, — App.D.C. —, 122 F.2d 21, and authorities cited in nn. 4, 10.

[7] Adams v. Nagle, 303 U.S. 532, 544, 58 S.Ct. 687, 693, 82 L.Ed. 999.